894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson BROWN, Plaintiff-Appellant,
v.
Thomas TAYLOR; Daniel Gibler, Defendants-Appellees.
 No. 89-1576.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Carson L. Brown alleged that defendants deprived him of personal property and interfered with his right of access to the courts. Upon Brown's transfer from the State Prison of Southern Michigan at Jackson to the Marquette Branch prison, certain items of his personal property, including legal papers, a television, personal mail, and photos were lost. He claimed that without his legal papers he was unable to perfect appeals in three civil cases, and that the loss of property violated procedural and substantive due process rights.
 
 
 3
 In support of a motion for summary judgment, defendants asserted that Brown failed to allege personal involvement by defendant Taylor and that he failed to allege inadequate postdeprivation procedures.
 
 
 4
 The matter was referred to a magistrate who recommended that summary judgment be granted. Upon de novo review in light of Brown's objections, the district court adopted the magistrate's recommendations and dismissed the complaint.
 
 
 5
 On appeal, Brown requests appointment of counsel.
 
 
 6
 Upon review, we conclude that summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 293 (6th Cir.1984).
 
 
 7
 First, summary judgment was proper because no genuine issue of material fact exists. Defendant Gibler was the property sergeant at Jackson responsible for securing and packing Brown's personal property on the date of Brown's transfer, February 25, 1988. On March 3, 1988, Brown received his personal property, except for the legal mail, television, and other items complained of here. At that time, the three civil actions to which Brown refers were pending.
 
 
 8
 Second, summary judgment was proper because defendants are entitled to judgment as a matter of law. Contrary to Brown's arguments, he was required to allege the inadequacy or unavailability of a postdeprivation remedy in order to state a claim for a violation of procedural due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988). The state of Michigan provides postdeprivation procedures. See, e.g., Mich.Comp.Laws Ann. Sec. 600.6401 et seq. Defendants were entitled to summary judgment as to Brown's claim of a substantive due process claim of retaliation. Brown failed to allege facts showing an egregious abuse of governmental power which interfered with his first amendment rights of expression. See Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 198 (6th Cir.1987); cf. Newsom v. Norris, 888 F.2d 371 (6th Cir.1989).
 
 
 9
 Defendants are entitled to judgment as a matter of law concerning Brown's claim of interference with his right of access to the court because Brown failed to show actual prejudice to the underlying litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 10
 Accordingly, all pending motions are hereby denied, and the district court's summary judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.